UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Christopher Robinson</u>,
      Plaintiff

      v.                                    Civil No. 09-cv-083-SM
                                            Opinion No. 2010 DNH 066
<u>Todd Gordon; Jason Riley;</u>
<u>and Hillsborough County,</u>
      Defendant

      v.

<u>Dr. Charles L. Ward,</u>
      <u>Third-Party Defendant</u>


**O R D E R**


      Plaintiff, Christopher Robinson, is currently an inmate at
the New Hampshire State Prison.  At all times relevant to this
suit, however, he was a pre-trial detainee, held at the
Hillsborough County House of Corrections (also known as "Valley
Street Jail").  He brings this action seeking compensatory and
punitive damages, asserting that he was the victim of various
common law torts, and that defendants violated his
constitutionally protected rights by using excessive force
against him.


      Because Robinson included in his complaint an allegation
that he "was denied his medicines and access to his [asthma]
inhaler," defendants think he is also advancing claims relating

to the medical care he was provided.  Accordingly, they brought a
third-party complaint against Dr. Charles Ward, seeking
indemnification and contribution should plaintiff prevail on any
such medical claims.

Dr. Ward now moves for summary judgment as to both third-
party claims brought against him.  Robinson does not object.
And, while defendants do object, they have not submitted any
evidence (e.g., affidavits, deposition testimony, medical
records, etc.) suggesting that there are any genuinely disputed
material facts, nor have they shown that Ward is not entitled to
judgment as a matter of law.  Accordingly, for the reasons
discussed below, Ward's motion is granted.

## Standard of Review

When ruling on a party's motion for summary judgment, the
court must "view the entire record in the light most hospitable
to the party opposing summary judgment, indulging all reasonable
inferences in that party's favor." Griggs-Ryan v. Smith, 904
F.2d 112, 115 (1st Cir. 1990).  Summary judgment is appropriate
when the record reveals "no genuine issue as to any material fact
and . . . the moving party is entitled to a judgment as a matter
of law." Fed. R. Civ. P. 56(c).  In this context, "a fact is
'material' if it potentially affects the outcome of the suit and

a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence."   Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Nevertheless, if the non-moving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted."   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).   The key, then, to defeating a properly supported motion for summary judgment is the non-movant's ability to support his or her claims concerning disputed material facts with evidence that conflicts with that proffered by the moving party.   See generally Fed. R. Civ. P. 56(e).

## Discussion

Defendants' decision to sue Dr. Ward represents an unusual legal strategy.   They explain the reasoning behind it as follows:

> Christopher Robinson . . . claims that Hillsborough County, through its Department of Corrections, violated his rights by not providing him adequate medical and mental health treatment.   Robinson was incarcerated within HCDOC for three (3) days in June, 2006, and from December 19, 2006, until June, 2007.   He alleges that during this time he was denied his previously prescribed asthma inhaler, as well as a number of prescribed psychiatric medications.

> During Robinson's periods of incarceration,
> Hillsborough County had entered into a written contract
> with Dr. Charles Ward to order and maintain any and all
> inmate health care and prescriptions, including
> Robinson's.  While the defendants deny the plaintiff's
> allegations, if it should be determined that the
> plaintiff is to prevail and recover damages, any such
> injuries and damages were caused wholly or in part as a
> result of the negligence and breach of contract of Dr.
> Ward.

Third-Party complaint (document no. 12) at 1-2.  The flaw in

defendants' theory of the case is this: Robinson is <u>not</u> advancing

any claim that he was deprived of adequate medical or mental

health care during his incarceration at Valley Street.


Robinson points out that he was (allegedly) denied access to

medications that he had with him when he arrived at Valley

Street, Writ of Summons (document no. 1-2) at paras. 42-43, but

he does not advance any legal claim based upon denial of adequate

medical care.  Instead, all of his claims - both common law and

constitutional - arise out of an incident during which defendants

Riley and Gordon allegedly slammed Robinson into a wall,

fracturing his sternum, injuring his shoulder, and causing severe

bruising and lacerations.  So, for example, in Count 6 of

Robinson's complaint he uses words like "excessive force,"

"assault," and "beating."  Neither that count nor any of the

other counts in his complaint ever mention inadequate medical or

mental health care, malpractice, or deliberate indifference to his serious medical needs.

Robinson did not sue Dr. Ward, nor does he object to Dr. Ward's motion for summary judgment. <u>See</u> Plaintiff's Response to Summary Judgment (document no. 21). In his motion for summary judgment, Ward asserts that: (1) he was not deliberately indifferent to any of Robinson's serious medical needs; (2) Robinson was not harmed as a result of any action or failure to act by Ward; and, in fact (3) Ward provided "appropriate treatment with the specific goal of protecting and improving Robinson's health." Third-Party Defendant's Memorandum (document no. 18-1) at 11. Robinson, it would seem, does not disagree.

Finally, on the undisputed record before the court, it is plain that the medical care and services provided by Dr. Ward to Robinson hardly constituted professional negligence, medical malpractice, or deliberate indifference to Robinson's serious medical needs. <u>See, e.g.</u>, Exhibit 3 to Defendants' Supplemental Motion for Summary Judgment, Affidavit of Nurse Denise Ryan (document no. 23-5) ("During the time he was at the Valley Street Jail, Robinson regularly received attention and medication for his asthma and his complaints of headache, but never manifested distress warranting the need for psychotropic medications.

Overall, Robinson's care was consistent with our policies of ensuring appropriate medical care for inmates.").

### Conclusion

For the foregoing reasons, as well as those set forth in Dr. Ward's legal memorandum, his motion for summary judgment as to all third-party claims advanced against him (document no. 18) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 12, 2010

cc:  Michael J. Sheehan, Esq.
     Jonathan A. Lax, Esq.
     Elizabeth L. Hurley, Esq.
     John A. Curran, Esq.